# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS
# FAYETTEVILLE DIVISION

**ERIC J. BERK**                                                                     **PLAINTIFF**

**V.**                      **CASE NO. 5:18-CV-05032**

**SHERIFF SHAWN HOLLOWAY, Benton
County, Arkansas; and TRINITY FOOD
GROUP**                                                      **DEFENDANTS**

## OPINION AND ORDER

Plaintiff Eric J. Berk filed this action pursuant to 42 U.S.C. §1983. He proceeds *pro se* and *in forma pauperis*. The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

## I. BACKGROUND

According to the allegations of the Complaint (Doc. 1), on January 10, 2018, inmates at the Benton County Detention Center ("BCDC") were served contaminated food causing sickness throughout the jail. Plaintiff indicates 20-25% of the jail became ill.

During this time, Plaintiff was a trustee who worked in the kitchen. Plaintiff states he was aware of what was going on with the food service contractor, Trinity Food Group ("Trinity"), the Sheriff's Office employees, the Health Department, and other Trinity employees who were sent to the BCDC from other areas of the United States.

1

Plaintiff alleges that after supper on January 10, 2018, he began having severe diarrhea that continued throughout the evening. Later that night, he began vomiting. Plaintiff saw other inmates exhibiting the same symptoms.

Plaintiff states he went back to work in the kitchen on January 11, 2018. He asserts that the kiosk used to place requests for medical treatment was not working and remained inoperable until January 15, 2018. Getting in to see the nurse was difficult given the number of inmates who were sick. As he could not see the nurse, Plaintiff went to work.

When the trustees got to the kitchen, they learned of the large number of inmates sick throughout the jail. Kitchen staff stated that the inmates were sick with the flu. After Plaintiff's shift was over, he asked a deputy on Pod-E if he could go see the nurse. The deputy responded that the nurse was too busy and that he was out of request forms. Plaintiff alleges he continued to have diarrhea throughout the day and could not hold any food down. Plaintiff indicates the nurse did come to E-pod and took the temperature of everyone in the pod. Plaintiff's temperature was 99° and the nurse told him that he was fine.

On January 12, 2018, Plaintiff states he went to work in the kitchen. He alleges he was told 15% of the jail was ill with diarrhea and vomiting—some to the extent of bleeding. The kitchen trustees were asked throughout the day to make thermoses of Gatorade for all the different pods to help with the people who had become dehydrated.

On January 15, 2018, Plaintiff alleges the Arkansas Health Department came to do an inspection. The Health Department performed a second inspection on January 22, 2018. Plaintiff indicates the kitchen trustees were told there were new rules for food

handling, and trustees were to use them or be fired as trustees. Over the next few days, Plaintiff states they were told that the Health Department had found multiple violations. According to Plaintiff, it was determined that the food poisoning was due to the food having cooled for four hours, giving bacteria time to develop.

At this point, Plaintiff indicates that Trinity called in its own team of food safety controllers. The work of the trustees was assessed, and they were taught new food handling methods. On January 27, 2018, Plaintiff states that the trustees were relieved of their duties without explanation.

Plaintiff makes no specific allegations against Sheriff Holloway. With respect to Trinity, he alleges they allowed the food to cool too long before it was served. He also alleges Trinity attempted to cover-up the fact that food poisoning caused the illness by stating the inmates had the flu. Finally, he alleges that numerous violations were found by the Health Department.

Plaintiff sues the Defendants in both their individual and official capacities. As relief, he asks for compensatory damages and punitive damages.

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may

be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

However, mere conclusory allegations with no supporting factual averments are insufficient to state a claim upon which relief can be based. *Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993); *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). "[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted).

### III. DISCUSSION

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, plaintiff must allege that the defendant acted under color of state law and that he violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S.

4

344 (1986). To the extent Plaintiff attempts to assert a negligence claim, it is insufficient as a matter of law.

The Eighth Amendment to the United States Constitution prohibits the imposition of cruel and unusual punishment.[1] U.S. Const. amend. VIII. The Cruel and Unusual Punishment Clause of the Eighth Amendment forbids conditions that involve the "wanton and unnecessary infliction of pain," or are "grossly disproportionate to the severity of the crime." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

"[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 851 (1998) (citation omitted). The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

"The Eighth Amendment prohibits punishments that deprive inmates of the minimal civilized measure of life's necessities." *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir. 1996). Jail or prison officials must provide reasonably adequate ventilation, sanitation, bedding, hygienic materials, food, and utilities. Prison-condition claims may include threats to an inmate's health and safety. *Irving v. Dormire*, 519 F.3d 441, 446 (8th Cir. 2008) (citation omitted).

---

[1] Plaintiff is a pretrial detainee. However, the Eighth Circuit has consistently applied the Eighth Amendment to conditions-of-confinement claims brought by pretrial detainees. *See, e.g., Davis v. Oregon Cnty., Mo.*, 607 F.3d 543, 548 (8th Cir. 2010) ("Pretrial detainees are entitled to the same protection under the Fourteenth Amendment as imprisoned convicts receive under the Eighth Amendment.") (internal quotation marks and citation omitted).

5

To state an Eighth Amendment claim, a plaintiff must allege that prison officials acted with "deliberate indifference" towards conditions at the detention facility that created a substantial risk of serious harm. *Farmer*, 511 U.S. at 834. "Conditions of confinement, however, constitute cruel and unusual punishment 'only when they have a mutually enforcing effect that produces deprivation of a single, identifiable human need such as food, warmth, or exercise.'" *Whitnack v. Douglas Cnty.*, 16 F.3d 954, 957 (8th Cir. 1994) (quoting *Wilson v. Sieter*, 501 U.S. 294 (1991)).

The deliberate indifference standard involves both an objective and subjective component. The objective component requires an inmate to show that "he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834 (citations omitted); *see also Hudson v. McMillian*, 503 U.S. 1, 2 (1992) (noting the objective component is "contextual and responsive to contemporary standards of decency") (quotation omitted). To satisfy the subjective component, an inmate must show that prison officials had "a sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834 (citations omitted); *see also Brown v. Nix*, 33 F.3d 951, 954-55 (8th Cir. 1994). The subjective component "requires proof of a reckless disregard of a known risk." *Crow v. Montgomery*, 403 F.3d 598, 602 (8th Cir. 2005) (citation omitted).

In this case, Plaintiff's only allegation is that he was served contaminated food on a single occasion. Plaintiff does not allege he was routinely served contaminated food or that food was routinely prepared in a manner presenting an immediate danger to his health. *See, e.g., Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992) ("Wishon has presented no evidence that the food he was served was nutritionally inadequate or

6

prepared in a manner presenting an immediate danger to his health, or that his health suffered as a result of the food.").

In *Islam v. Jackson*, 782 F. Supp. 1111, 1114-15 (E.D. Vir. 1992), the court held that serving one meal contaminated with maggots and meals under unsanitary conditions for thirteen days was not cruel and unusual punishment. In *George v. King*, 837 F.2d 705, 707 (5th Cir. 1988), a case nearly identical to the instant one, the Fifth Circut held that "a single incident of unintended food poisoning, whether suffered by one or many prisoners at an institution, does not constitute violations of the constitutional rights of the affected prisoners." *Id*. In so holding, the Court noted that it was confronted with "a single incident of mass food poisoning of the kind occasionally experienced by those in military service or in other institutional settings, as well as individually in the more routine course of daily life." *Id.; see also Bennett v. Misner*, 2004 WL 2091473, at *20 (D. Or. Sept. 17, 2004) ("Neither isolated instances of food poisoning, temporary lapses in sanitary food service, nor service of meals contaminated with maggots are sufficiently serious to constitute an Eighth Amendment violation."). Plaintiff's allegations that he was served contaminated food on a single occasion and became temporarily ill as a result are insufficient to state a claim of constitutional dimension.

Further, Plaintiff's reliance on the violations found by the Health Department is misplaced. "[S]tate and federal safety regulations do not establish a standard for Eighth Amendment violations. The mere existence of state and federal safety regulations does not charge prison officials with knowledge of potentially unsafe conditions in their facility." *Kulkay v. Roy*, 847 F.3d 637, 645 (8th Cir. 2017). Moreover, the alleged finding of Health Department Code violations in this case occurred after the event at issue.

Further, with respect to Sheriff Holloway, Plaintiff has not alleged that he directly participated in the alleged unconstitutional violations. "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (citation omitted). "A supervisor is not vicariously liable under 42 U.S.C. § 1983 for an employee's unconstitutional activity." *White v. Holmes*, 21 F.3d 277, 280 (8th Cir. 1994). Instead, the supervisor must be personally involved in the alleged constitutional violation or his corrective inaction must constitute deliberate indifference towards the constitutional violation. *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995).

In *George*, the Fifth Circuit stated that "[i]f prisoners regularly and frequently suffer from food poisoning with truly serious medical complications as a result of particular, known unsanitary practices which are customarily followed by the prison food service organization, and the authorities without arguable justification refuse to attempt remedial measures, the requisite indifference might well be manifested or inferred." *Id.* at 707. In this case, Plaintiff has made no allegations sufficient to establish a basis for supervisory liability.

Plaintiff's official capacity claims are the equivalent of claims against Benton County. "Official-capacity liability under 42 U.S.C. § 1983 occurs only when a constitutional injury is caused by 'a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy.'" *Grayson v. Ross*, 454 F.3d 802, 810-811 (8th Cir. 2006) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Plaintiff has not alleged the existence of any custom

or policy of Benton County that was a moving force behind an alleged constitutional violation.

## IV. CONCLUSION

No plausible claims are stated. This case is **DISMISSED WITHOUT PREJUDICE.** See 28 U.S.C. § 1915(e)(2)(B)(i-ii) (*in forma pauperis* action, or any portion of it, may be dismissed at any time due to frivolousness or for failure to state a claim).

The dismissal of this case constitutes a strike within the meaning of the Prison Litigation Reform Act. The **Clerk** is directed to place a § 1915(g) strike flag on this case.

**IT IS SO ORDERED** on this 28th day of February, 2018.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

FEB 2 8 2018

DOUGLAS F. YOUNG, Clerk
By
   Deputy Clerk

9